**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DAVID F. HAINES, et. al.**

                        **Plaintiffs,**

                                                                     **06-CV 0058**

      **vs.**                                                                     **(NAM/DEP)**

**CAYUGA MILLWORK, INC.,**

                        **Defendant.**
_____

**APPEARANCES**                                    **OF COUNSEL:**

MEYER SUOZZI ENGLISH & KLEIN, P.C.     Anthony Lumia, Esq.
Suite 405
425 Broadhollow Road
P.O. Box 9064
Melville, New York 11747-9064
*Attorney For Plaintiffs*

**Hon. Norman A. Mordue, Chief U.S. District Judge**

**MEMORANDUM DECISION AND ORDER**

**I.    INTRODUCTION**

      Plaintiffs commenced this action alleging that defendant, Cayuga Millwork. Inc., violated the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185 (a) *et seq.*, by failing to timely remit fringe benefit contributions and deductions. Plaintiffs move for default judgment against defendants pursuant to Rules 55 and 54(b) of the Federal Rules of Civil Procedure, and seek delinquent fringe benefit contributions, wage deductions, interest, liquidated damages and attorneys' fees and costs.

**II.    FACTS**

1

The Court has taken the following facts from plaintiffs' pleadings and submissions. Defendant Cayuga Millwork, Inc., is a party to a collective bargaining agreement ("Agreement") with a non-party union, the United Brotherhood of Carpenters and Joiners of America. The Agreement obligates defendant to remit fringe benefit contributions and deductions to the plaintiff contribution fund for all hours worked by employees who are covered by the Agreement, i.e., performing bargaining unit work. The Agreement and Sections 515 and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145 obligate defendant, if delinquent in remitting contributions and deductions, to pay the delinquent amounts as well as interest, liquidated damages, and attorneys' fees and costs. Based upon defendant's alleged failure to remit the required contributions to the plaintiff contribution fund, plaintiffs commenced the present action in January 2006. On May 5, 2006 an answer to the complaint was filed with the Court on behalf of defendant. That answer, however, was interposed through John Roscoe, who claimed to be the president of Cayuga Millwork, Inc.. The answer was not signed by an attorney, nor did an attorney otherwise appear in the action on behalf of defendant. Based thereupon, plaintiffs moved to strike defendant's answer, and defendant did not oppose said motion. Magistrate Judge David E. Peebles issued an order in October 2006 which granted plaintiffs' motion to strike the legally deficient answer filed by Mr. Roscoe. No subsequent answer was ever filed on behalf of defendant nor has defendant appeared herein or made contact with the Court in connection with this action.

Presently before the Court is plaintiffs' motion for default judgment. Based on defendant's failure to remit benefit contributions and deductions to plaintiffs from January 1, 2003 to December 31, 2004, plaintiffs contend herein that they are entitled to judgment as follows: $49,046.83 in fringe benefit contributions and deductions; $16,921.10 in interest

calculated between January 1, 2005 to November 30, 2006, with additional per diem interest payable in the amount of $24.19 per day up to and including the date of entry of judgment herein; $9,809.37 in liquidated damages, and $9,924.07 in attorneys' fees and costs, including paralegal fees.  Thus, plaintiffs seek judgment in the total amount of $85,701.37 plus additional per diem interest from November 30, 2006 to date.

### III.   DISCUSSION

#### A.   Standard – Default Judgment Rule 55(b)

Under Rule 55(b) of the Federal Rules of Civil Procedure, default judgment shall be entered if a defendant has failed to plead or otherwise defend an action." *Parise v. Riccelli Haulers, Inc.*, 672 F.Supp. 72, 74 (N.D.N.Y. 1987).  Rule 55(b)(2) and Local Rule 55.2 set forth the procedural prerequisites plaintiffs must meet before their motion for default judgment may be granted.  Plaintiffs must: (1) properly serve defendant with a summons and complaint (to which no response has been made); (2) obtain an entry of default; and (3) provide an affidavit setting forth the facts required by L.R. 55.2(a), including an affidavit showing that defendant is not an infant or incompetent, or in the military service.  *See* Fed. R. Civ. P. 55(b)(2); N.Y.N.D.L.R. 55.1 and 55.2.

Rule 54(b) provides, in pertinent part, that "[w]hen more than one claim for relief is presented in an action...or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties...upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." *See Advanced Magnetics v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997). There is "no just reason for delay" "where a plaintiff might be prejudiced by a delay in recovering

a monetary award." *Id.* (citing *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 11-12 (1980).

As referenced above, plaintiffs filed and served a summons and complaint. Defendants have not answered the complaint. Plaintiffs timely served defendants written notice of the application for judgment pursuant to Fed. R. Civ. P. 55(b)(2). Defendants never answered or otherwise moved with respect to the complaint. Plaintiffs received a clerk's entry of default on December 29, 2005. On January 27, 2006, plaintiffs filed a motion for default judgment and submitted the required affidavits pursuant to Rule 55(b)(2). Pursuant to Rule 54(b), plaintiffs have shown that there is "no just reason for delay," since the corpus and income of plaintiffs' funds have been reduced. Further, plaintiffs have submitted an affidavit by their counsel showing that defendants are not infants or incompetent, and are not in the military service. Therefore, plaintiffs have fulfilled the procedural prerequisites for default judgment. Accordingly, the Court will address liability.

**B.     Liability**

"A party's default is deemed to constitute a concession of all well-pleaded allegations of liability." *Resolution Trust Corp. v. Forney*, 1993 WL 61415, *1 (W.D.N.Y. June 28, 1993) (citing *Greyhound Exhibitgroup v. E.L.U.L. Realty*, 973 F.2d 155, 158 (2d Cir. 1992)). The allegations in plaintiffs' complaint and supporting documents, as summarized below, are therefore presumed accurate.

Pursuant to 29 U.S.C. § 1145, "[e]very employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with the law, make such contributions in

4

accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Further, where the contract between the parties classifies unpaid contributions as trust assets, the controlling officer of the company is a fiduciary individually liable for a delinquency if he withholds contributions from the plans. *NYSA-ILA Med. and Clinical Servs. Fund v. Catucci*, 60 F.Supp.2d 194 (S.D.N.Y. 1999); *LoPresti v. Terwilliger*, 1216 F.3d 34, 40 (2d Cir. 1997) (finding that individual who commingled plan assets with general assets, and used plan assets to pay company creditors, rather than forwarding the assets to the plaintiff funds meant that he "exercise[d] . . . authority or control respecting . . . disposition of [plan] assets, and hence is a fiduciary for purposes of imposing personal liability under ERISA.").

Here, according to the complaint, defendant employed individuals covered by the Agreement. Under the Agreement, defendant was required to pay contributions and deductions on behalf of covered employees. Plaintiffs assert that defendants failed to make timely the required contributions and deductions from January 1, 2003 to December 31, 2004. Therefore, defendant's conduct, as alleged, stands in violation of ERISA.

**C.     Damages**

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). The Court "must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id*. Where a violation of 29 U.S.C. § 1145 has occurred, ERISA authorizes plaintiffs to enforce an employer's obligations to remit contributions in accordance with the terms of the Agreement, Trusts, and Collections Policy, and collect delinquent contributions and deductions,

5

interest, liquidated damages, and audit fees.  *See* 29 U.S.C. § 1132(g)(2)(A-D).

In this case, plaintiffs have submitted a number of documents which they claim show the damages they sustained as a result of defendant's conduct.  The facts and documents in this regard, however are introduced through the affidavit of plaintiffs' counsel, who does not purport to have personal knowledge.  Thus, there is insufficient evidence on which to enter the amount of damages.  *See id*. at 154-55 (finding there was insufficient evidence on which to enter the amount of the judgment because "[a]t the time judgment was entered, the court had before it only the allegations in the complaint and the affidavit of plaintiff's counsel, who did not purport to have personal knowledge of the facts, asserting an amount of damages sustained by plaintiff as a result of defendant's failure to deliver the securities.").  Accordingly, this matter is hereby referred to Magistrate Judge Peebles for the purpose of conducting a hearing, or soliciting affidavits and documentary evidence, pursuant to Rule 55 of the Federal Rules of Civil Procedure to take an account or to determine the amount of plaintiffs' damages, and to prepare and forward to the undersigned a Report and Recommendation.[1]

**IV.   CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED** that in view of default by defendant in failing to answer the Complaint or make any appearance in this matter and the Clerk of the Court having entered default by defendant on December 12, 2006, and no appearance or objection having been made by defendant since that time, plaintiffs' motion for default judgment against defendant is **GRANTED**; and it is

---

[1]There is evidence in admissible form regarding attorneys' fees.  The Court will, however, refrain from calculating any award at this time and will instead await a Report and Recommendation from Magistrate Judge Peebles on this issue.

further

**ORDERED** that this matter is referred to the Honorable David E. Peebles for the purpose of conducting a hearing, or soliciting affidavits and documentary evidence, pursuant to Rule 55 of the Federal Rules of Civil Procedure to take an account or to determine the amount of plaintiffs' damages and the scope of the audit; and it is further

**ORDERED** that Magistrate Judge Peebles prepare and forward to the undersigned a Report and Recommendation regarding the type and amount of such damages upon which he determines plaintiffs are entitled to have judgment entered.

**IT IS SO ORDERED.**

DATE:  September 27, 2007

_____
Norman A. Mordue
Chief United States District Court Judge